FILED
9-25-13
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

AARON M. RICHARDSON

CASE NO. 3:13-cr-177-J-LSC-JEG

| | |
|---|---|
| Ct. 1: | 18 U.S.C. §§ 1113, 1114, and 3147(1) |
| Ct. 2: | 18 U.S.C. §§ 924(c) and 3147(1) |
| Ct. 3: | 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 3147(1) |
| Ct. 4: | 18 U.S.C. §§ 922(j), 924(a)(2), and 3147(1) |
| Cts. 5-10 & 14-19: | 18 U.S.C. § 1001 and 3147(1) |
| Ct. 11: | 18 U.S.C. §§ 922(u), 924(i)(1), and 3147(1) |
| Cts. 12-13: | 18 U.S.C. §§ 3146 and 3147(1) |
| Cts. 20-24: | 18 U.S.C. § 1001 |
| Ct. 25: | 18 U.S.C. § 912 |
| Forfeiture | 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Attempted Murder of a United States District Judge)

On or about June 23, 2013, in Duval County, in the Middle District of Florida,

AARON M. RICHARDSON,

the defendant herein, did with premeditation and malice aforethought, unlawfully attempt to kill Timothy J. Corrigan, a United States District Judge for the Middle

District of Florida, an officer and employee of the United States, while United

States District Judge Timothy J. Corrigan was engaged in and on account of the

performance of his official duties.

At the time of said offense, the defendant, AARON M. RICHARDSON,

was on release pursuant to an order dated January 30, 2013, from the United

States District Court for the Middle District of Florida, Jacksonville Division, in

that certain case styled United States of America v. Aaron Marcus Richardson,

Case No. 3:08-cr-302-J-32TEM, which order notified AARON M. RICHARDSON

of the potential effect of committing an offense while on release.

All in violation of Title 18, United States Code, Sections 1113, 1114,

and 3147(1).

## COUNT TWO
**(Using, Carrying, and Discharging a Firearm During and in Relation to a
Crime of Violence and Possessing and Discharging a Firearm in
Furtherance of a Crime of Violence)**

On or about June 23, 2013, in Duval County, in the Middle District of

Florida,

AARON M. RICHARDSON,

the defendant herein, knowingly used and carried a firearm, that is, a Savage

Arms .30-06 caliber rifle, serial number H783115, and Winchester ammunition,

during and in relation to a crime of violence for which he may be prosecuted in a

Court of the United States, that is, the attempted murder of a United States

District Judge, as charged in Count One of this Indictment, and knowingly

2

possessed that firearm and ammunition in furtherance of that crime of violence, and that firearm was discharged in the course of the commission of the crime.

At the time of said offense, the defendant, AARON M. RICHARDSON, was on release pursuant to an order dated January 30, 2013, from the United States District Court for the Middle District of Florida, Jacksonville Division, in that certain case styled <u>United States of America v. Aaron Marcus Richardson</u>, Case No. 3:08-cr-302-J-32TEM, which order notified AARON M. RICHARDSON of the potential effect of committing an offense while on release.

All in violation of Title 18, United States Code, Sections 924(c) and 3147(1).

**COUNT THREE**
**(Possession of a Firearm and Ammunition by a Convicted Felon)**

Between on or about June 20 and June 25, 2013, in Duval County, in the Middle District of Florida,

AARON M. RICHARDSON,

the defendant herein, did knowingly possess in and affecting interstate commerce, a firearm, that is, a Savage Arms .30-06 caliber rifle, serial number H783115, and Winchester ammunition, after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, Attempting to Make an Incendiary Device, in violation of 26 U.S.C. §§ 5822, 5861(f), and 5871, in that certain case styled <u>United States of America v. Aaron Marcus Richardson</u>, Case No. 3:08-cr-302-J-32TEM, in the Jacksonville Division

3

of the United States District Court, Middle District of Florida, on or about March 31, 2011.

At the time of said offense, the defendant, AARON M. RICHARDSON, was on release pursuant to an order dated January 30, 2013, from the United States District Court for the Middle District of Florida, Jacksonville Division, in that certain case styled United States of America v. Aaron Marcus Richardson, Case No. 3:08-cr-302-J-32TEM, which order notified AARON M. RICHARDSON of the potential effect of committing an offense while on release.

All in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 3147(1).

### COUNT FOUR
### (Possession of a Stolen Firearm and Ammunition)

Between on or about June 20 and June 25, 2013, in Duval County, in the Middle District of Florida,

AARON M. RICHARDSON,

the defendant herein, did knowingly receive, possess, store, and conceal a stolen firearm, that is, a Savage Arms .30-06 caliber rifle, serial number H783115, and Winchester ammunition, that had been shipped and transported in interstate commerce, knowing and having reasonable cause to believe that the firearm and ammunition were stolen.

At the time of said offense, the defendant, AARON M. RICHARDSON, was on release pursuant to an order dated January 30, 2013, from the United

4

States District Court for the Middle District of Florida, Jacksonville Division, in

that certain case styled <u>United States of America v. Aaron Marcus Richardson</u>,

Case No. 3:08-cr-302-J-32TEM, which order notified AARON M. RICHARDSON

of the potential effect of committing an offense while on release.

All in violation of Title 18, United States Code, Sections 922(j),

924(a)(2), and 3147(1).

### COUNTS FIVE THROUGH TEN
**(False Statements to the Federal Bureau of Investigation)**

Between on or about June 25 and June 26, 2013, at Jacksonville, in

the Middle District of Florida,

**AARON M. RICHARDSON,**

the defendant herein, did knowingly and willfully make the false, fictitious and

fraudulent material statements and representations set forth in the table below to

Special Agents of the Federal Bureau of Investigation in connection with the

investigation of the attempted murder of United States District Judge Timothy J.

Corrigan, a matter within the jurisdiction of the Federal Bureau of Investigation,

an agency of the United States, which the defendant then knew to be false,

fictitious, and fraudulent.

5

| COUNT | FALSE STATEMENT |
|-------|-----------------|
| FIVE | On Saturday, June 22, 2013, from 4:00 p.m. until the rest of the day on Sunday, June 23, 2013, the defendant was at the defendant's mother's apartment. |
| SIX | The defendant had no knowledge about the Savage Arms .30-06 caliber rifle, serial number H783115, located in the defendant's mother's apartment. |
| SEVEN | The room in the defendant's mother's apartment in which the Savage Arms .30-06 caliber rifle, serial number H783115, was located was not the defendant's room. |
| EIGHT | The defendant did not know someone shot at Judge Corrigan. |
| NINE | Volusia County authorities had provided the defendant with paperwork showing that his criminal charges were dropped. |
| TEN | If the defendant's fingerprints or DNA were on the Savage Arms .30-06 caliber rifle, serial number H783115, it was because the defendant touched the rifle in an attempt to get his shoes out of a pile of belongings that law enforcement officers had assembled and placed in a pile during his arrest on June 25, 2013. |

At the time of said offenses, the defendant, AARON M.

RICHARDSON, was on release pursuant to an order dated January 30, 2013,

from the United States District Court for the Middle District of Florida,

Jacksonville Division, in that certain case styled <u>United States of America v.</u>

<u>Aaron Marcus Richardson</u>, Case No. 3:08-cr-302-J-32TEM, which order notified

AARON M. RICHARDSON of the potential effect of committing an offense while on release.

All in violation of Title 18, United States Code, Sections 1001 and 3147(1).

## COUNT ELEVEN
### (Theft of a Firearm from a Federally Licensed Firearms Dealer)

Between or about June 20 and June 21, 2013, in Duval County, in the Middle District of Florida,

AARON M. RICHARDSON,

the defendant herein, did knowingly steal and unlawfully take and carry away a firearm, that is, a Savage Arms .30-06 caliber rifle, serial number H783115, from the business premises and inventory of a federally licensed firearms dealer, that is, Sports Authority #370, located at 9292 Arlington Expressway, Jacksonville, Florida, which firearm had previously been shipped and transported in interstate commerce.

At the time of said offense, the defendant, AARON M. RICHARDSON, was on release pursuant to an order dated January 30, 2013, from the United States District Court for the Middle District of Florida, Jacksonville Division, in that certain case styled United States of America v. Aaron Marcus Richardson, Case No. 3:08-cr-302-J-32TEM, which order notified AARON M. RICHARDSON of the potential effect of committing an offense while on release.

7

All in violation of Title 18, United States Code, Sections 922(u),

924(i)(1), and 3147(1).

### COUNT TWELVE
### (Failure to Appear for a Court Hearing)

On or about June 11, 2013, in Duval County, in the Middle District of

Florida,

AARON M. RICHARDSON,

the defendant herein, having previously been arraigned in United States District

Court on a charge of violating the terms of his supervised release, based upon

an underlying offense of Attempting to Make an Incendiary Device, in violation of

26 U.S.C. §§ 5822, 5861(f), and 5871, in that case styled United States of

America v. Aaron Marcus Richardson, Case No. 3:08-cr-302-J-32TEM, a felony

punishable by imprisonment of up to ten years imprisonment, and having been

released on bail pursuant to the provisions of Title 18, United States Code,

Chapter 207, in that case, did knowingly and willfully fail to appear before the

Court for an Arraignment on a Superseding Petition regarding alleged violations

of his supervised release, as required by the conditions of release.

At the time of said offense, the defendant, AARON M. RICHARDSON,

was on release pursuant to an order dated January 30, 2013, from the United

States District Court for the Middle District of Florida, Jacksonville Division, in

that certain case styled United States of America v. Aaron Marcus Richardson,

Case No. 3:08-cr-302-J-32TEM, which order notified AARON M. RICHARDSON

8

of the potential effect of committing an offense while on release.

All in violation of Title 18, United States Code, Sections 3146 and 3147(1).

## COUNT THIRTEEN
### (Failure to Appear for a Court Hearing)

On or about June 3, 2013, in Duval County, in the Middle District of Florida,

AARON M. RICHARDSON,

the defendant herein, having previously been arraigned in United States District Court on a charge of violating the terms of his supervised release, based upon an underlying offense of Attempting to Make an Incendiary Device, in violation of 26 U.S.C. §§ 5822, 5861(f), and 5871, in that case styled United States of America v. Aaron Marcus Richardson, Case No. 3:08-cr-302-J-32TEM, a felony punishable by imprisonment of up to ten years imprisonment, and having been released on bail pursuant to the provisions of Title 18, United States Code, Chapter 207, in that case, did knowingly and willfully fail to appear before the Court for an Arraignment on a Superseding Petition regarding alleged violations of his supervised release, as required by the conditions of release.

At the time of said offense, the defendant, AARON M. RICHARDSON, was on release pursuant to an order dated January 30, 2013, from the United States District Court for the Middle District of Florida, Jacksonville Division, in that certain case styled United States of America v. Aaron Marcus Richardson,

9

Case No. 3:08-cr-302-J-32TEM, which order notified AARON M. RICHARDSON
of the potential effect of committing an offense while on release.

All in violation of Title 18, United States Code, Sections 3146 and
3147(1).

## COUNTS FOURTEEN THROUGH NINETEEN
**(False Statements to the United States Probation Office While on Release)**

On or about the dates set forth in the table below, at Duval County, in
the Middle District of Florida,

### AARON M. RICHARDSON,

the defendant herein, did knowingly and willfully make false, fictitious and
fraudulent material statements and representations, as set forth in the table
below, to a United States Probation Officer in a matter within the jurisdiction of
the United States Probation Office, Middle District of Florida, Jacksonville
Division, a component of the judicial branch of the Government of the United
States, said matter being the supervision of the Defendant in that certain case
styled United States of America v. Aaron Marcus Richardson, Case No. 3:08-cr-
302-J-32TEM, in the United States District Court for the Middle District of Florida,
Jacksonville Division, which statements the defendant then knew to be false,
fictitious, and fraudulent.

10

| COUNT | DATE | FALSE STATEMENT |
|---|---|---|
| FOURTEEN | 6/11/2013 | In text messages to his assigned probation officer, the defendant asked his probation officer to stall the defendant's Court hearing because the defendant's bus got into an accident and the defendant's leg was messed up when, in fact, that was not true. |
| FIFTEEN | 6/3/2013 | In text messages to his assigned probation officer, the defendant stated that the defendant missed his Court date on June 3, 2013 due to the accidental death of an aunt and a cousin named Shalice and Kaprice when, in fact, that was not true. |
| SIXTEEN | 4/3/2013 to 4/4/2013 | In his Monthly Supervision Report for March 2013, the defendant stated that he had not appeared in Court for any criminal, civil, or traffic matter in March 2013 when, in fact, he had appeared in the Clay County Court on March 20, 2013 for an initial appearance on charges of petit theft and carrying a concealed weapon. |
| SEVENTEEN | 4/3/2013 to 4/4/2013 | In his Monthly Supervision Report for March 2013, the defendant stated that he had not been arrested or questioned by a law enforcement officer in March 2013 when, in fact, the defendant had been arrested and questioned by a Deputy with the Clay County Sheriff's Office for petit theft and carrying a concealed weapon on March 19, 2013. |

11

| EIGHTEEN | 1/30/2013 to 2/5/2013 | In his Monthly Supervision Report for January 2013, the defendant stated that he had not been questioned or arrested by a law enforcement officer when, in fact, the defendant had been arrested on January 11, 2013, by an officer with the Jacksonville Sheriff's Office for criminal traffic offenses. |
| NINETEEN | 1/30/2013 to 2/5/2013 | In his Monthly Supervision Report for January 2013, the defendant stated that he had appeared in only Federal Court during January 2013, and fraudulently concealed that he had also appeared in Duval County Court for an initial appearance on a criminal traffic matter on January 12, 2013, and had appeared and entered a no contest plea to that criminal traffic offense on January 29, 2013, in Duval County Court. |

At the time of said offenses, the defendant, AARON M. RICHARDSON, was on release pursuant to an order dated January 30, 2013, from the United States District Court for the Middle District of Florida, Jacksonville Division, in that certain case styled United States of America v. Aaron Marcus Richardson, Case No. 3:08-cr-302-J-32TEM, which order notified AARON M. RICHARDSON of the potential effect of committing an offense while on release.

All in violation of Title 18, United States Code, Sections 1001 and 3147.

## COUNTS TWENTY THROUGH TWENTY-FOUR
### (False Statements to the United States Probation Office)

On or about the dates set forth in the table below, at Jacksonville, in the Middle District of Florida,

### AARON M. RICHARDSON,

the defendant herein, did knowingly and willfully make false, fictitious and fraudulent material statements and representations, as set forth in the table below, to a United States Probation Officer in a matter within the jurisdiction of the United States Probation Office, Middle District of Florida, Jacksonville Division, a component of the judicial branch of the Government of the United States, said matter being the supervision of the defendant in that certain case styled United States of America v. Aaron Marcus Richardson, Case No. 3:08-cr-302-J-32TEM, in the United States District Court for the Middle District of Florida, Jacksonville Division, which statements the defendant then knew to be false, fictitious, and fraudulent.

| COUNT | DATE | FALSE STATEMENT |
|-------|------|-----------------|
| TWENTY | 1/3/2013 | In his Monthly Supervision Report for December 2012, the defendant stated that he had not appeared in Court for any criminal matter when, in fact, Defendant had appeared in Court on December 1, 2012, in Duval County, Florida for an initial appearance on an out-of-county warrant for burglary and had appeared in Court on December 5, 2012, in Volusia County, Florida for an initial appearance on that burglary charge. |

13

| TWENTY-ONE | 1/3/2013 | In his Monthly Supervision Report for December 2012, the defendant stated that he had not been questioned or arrested by a law enforcement officer when, in fact, defendant had been arrested by an officer with the Jacksonville Sheriff's Office on December 31, 2012, on an out-of-county warrant for a burglary from Volusia County, Florida. |
| TWENTY-TWO | 1/3/2013 | In his Monthly Supervision Report for November 2012, the defendant stated that he had not been questioned or arrested by a law enforcement officer when, in fact, defendant had been arrested by an officer with the Jacksonville Sheriff's Office on November 30, 2012, on an out-of-county warrant for a burglary in Volusia County, Florida. |
| TWENTY-THREE | 11/5/2012 to 11/8/2012 | In his Monthly Supervision Report for October 2012, the defendant stated that he had been questioned by a law enforcement officer, but falsely claimed that he had not been arrested when, in fact, defendant had been arrested by an Officer with the Jacksonville Sheriff's Office on October 29, 2012, for burglary. |
| TWENTY-FOUR | 11/5/2012 to 11/8/2012 | In his Monthly Supervision Report for October 2012, the defendant stated that he had appeared in Court, but falsely claimed that his appearance was for a traffic matter when he had an initial appearance on October 30, 2012 for a burglary arrest. |

All in violation of Title 18, United States Code, Section 1001.

## COUNT TWENTY-FIVE
### (Falsely Impersonating an Officer of the United States)

On or about March 24, 2012, in Volusia County, in the Middle District of Florida,

### AARON M. RICHARDSON,

the defendant herein, did knowingly and with intent to deceive and defraud another, falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is, a Captain in the United States Navy and the Commanding Officer of Personnel Support, Jacksonville, Florida, and in such assumed and pretended character did act as such, in that he falsely represented in a letter to Bethune Cookman University that the defendant, AARON M. RICHARDSON, was a Master Sergeant in the United States Marine Corps, was on an assignment utilizing the cover of a student at Bethune Cookman University, and did demand that Bethune Cookman University strike all adverse information regarding the defendant, AARON M. RICHARDSON, from Bethune Cookman University's records under the threat of immediate arrest and imposition of Federal charges, and did direct Bethune Cookman University to immediately reinstate the defendant, AARON M. RICHARDSON, as a student at Bethune Cookman University.

All in violation of Title 18, United States Code, Section 912.

15

## FORFEITURE

1.      The allegations contained in Counts Two, Three, Four, Five, Six, Seventeen, Eighteen and Nineteen of this Indictment are incorporated by reference for the purpose of alleging forfeitures Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

2.      The defendant, AARON M. RICHARDSON, upon conviction of a violation of Title 18, United States Code, Sections 924(c), 922(g)(1), 924(a)(2), 922(j), 922(u), and/or 924(i)(1), shall forfeit to the United States, under Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses.

3.      The property to be forfeited includes, but is not limited to, the following:

        a.      a Savage Arms, .30-06 caliber rifle, serial number
                H783115; and

        b.      Winchester ammunition;

4.      If any of the property described above, as a result of any act or omission of the defendant:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

16

e.     has been commingled with other property which cannot be

divided without difficulty, the United States of America shall be

entitled to forfeiture of substitute property pursuant to Title 21,

United States Code, Section 853(p), as incorporated by Title 28,

United States Code, Section 2461(c).


A TRUE BILL,

Foreperson


A. LEE BENTLEY, III
Acting United States Attorney

By:    MARK B. DEVEREAUX
Assistant United States Attorney

By:    MAC D. HEAVENER, III
Assistant United States Attorney
Deputy Chief, Jacksonville Division

By:    JULIE HACKENBERRY
Assistant United States Attorney
Chief, Jacksonville Division


17

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Jacksonville Division

### THE UNITED STATES OF AMERICA

vs.

### AARON M. RICHARDSON

## INDICTMENT

Violations:

| | |
|---|---|
| Ct. 1: | 18 U.S.C. §§ 1113, 1114, and 3147(1) |
| Ct. 2: | 18 U.S.C. §§ 924(c) and 3147(1) |
| Ct. 3: | 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 3147(1) |
| Ct. 4: | 18 U.S.C. §§ 922(j), 924(a)(2), and 3147(1) |
| Cts. 5-10 & 14-19: | 18 U.S.C. § 1001 and 3147(1) |
| Ct. 11: | 18 U.S.C. §§ 922(u), 924(i)(1), and 3147(1) |
| Cts. 12-13: | 18 U.S.C. §§ 3146 and 3147(1) |
| Cts. 20-24: | 18 U.S.C. § 1001 |
| Ct. 25: | 18 U.S.C. § 912 |

A true bill,

_____
Foreperson

Filed in open court this _25_ day
of September 2013.

_____
Clerk

Bail  $_____

GPO 863 525